UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| AARON BRAUN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:20-CV-432-TAV-DCP |
| ORKIN, LLC, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss [Doc. 6] in which defendant seeks dismissal of the complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiff responded [Doc. 12][1] and defendant filed a reply [Doc. 16]. Also before the Court is Plaintiff's Motion to for Leave to File First Amended Complaint [Doc. 11]. Defendant responded [Doc. 19] and plaintiff did not file a reply. The motions are now ripe for review. For the reasons that follow, the motion to dismiss [Doc. 6] will be **GRANTED**, the motion to amend [Doc. 12] will be **DENIED**, and plaintiff's complaint [Doc. 1-1] will be **DISMISSED**.

---

[1] Defendant filed its motion to dismiss [Doc. 6], and after plaintiff had not responded within the deadline, the Court issued a show cause order [Doc. 10] requiring plaintiff to show cause why the motion should not be granted as unopposed. Plaintiff responded [Docs 14, 17] that due to COVID-19 diagnoses and absences during the timeframe for response, confusion after having deleted the notice of filing, and miscommunication with his legal assistant, he was not aware of the motion until the show cause order. The Court would not normally find counsel's difficulty in office management to be good cause, but, given the general strain of the pandemic and counsel's resulting illness during this time, the Court will consider plaintiff's response.

## I. Background

Plaintiff received an offer letter from defendant for employment as a management trainee in the Tennessee region. The letter specified a start date, a starting monthly salary, and stated that plaintiff would be "put . . . through our Management Development Training Program" and that he would "be expected to attend Management Development School" [Doc. 1-1 p. 6]. Further, the letter states "[u]pon successful completion of all Management Development requirements, approximately 12 – 18 months, you will be eligible for a performance evaluation and increase" [*Id.*]. Promotion to a bonus-eligible position was dependent on ability to relocate, and the letter noted that "future inability to relocate could result in movement to a non-management position" [*Id.*]. Plaintiff alleges that he completed all training requirements, was offered a permanent assignment in Tupelo, Mississippi [*Id.* at p. 3–4], and that upon informing defendant he could not move there permanently, he was terminated [*Id.* at p. 4]. Plaintiff states "[t]his wrongful termination is a breach of the contract of employment. Plaintiff relied, to his detriment, upon the promises and covenants contained in the contract and the assurances made by the Defendant's management" and seeks the pay he would have earned under the contract for the duration of the contract, incidental expenses in moving to Tennessee, pre-judgment interest, attorney fees, and discretionary costs [*Id.*].

## II. Motion to Dismiss

### A. Standard of Review

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8(a) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Thus, pleadings in federal court need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* (alterations in original). "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557).

In deciding a Rule 12(b)(6) motion, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). This assumption of factual veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286

(1986). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is ultimately "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.* at 679. In conducting this inquiry, the Court "must construe the complaint in a light most favorable to plaintiff[ ], accept all well-pled factual allegations as true, and determine whether plaintiff[ ] undoubtedly can prove no set of facts in support of those allegations that would entitle [her] to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

**B.  Analysis**

Defendant moves to dismiss the complaint for failure to state a claim. Defendant states that because the offer letter provides neither a definite term of employment nor a guarantee of a management assignment in the state of Tennessee, plaintiff's breach of contract fails.

The elements of a breach of contract claim in Tennessee are "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). Even assuming the letter created an enforceable employment contract which would fulfill the first element, defendant argues plaintiff must establish that the letter guaranteed employment for a

4

specific term for there to be a breach [Doc. 7 p. 3]. "[T]here is a presumption that an employee is an employee at will. This presumption must be overcome by specific language guaranteeing a definite term of employment." *Davis v. Connecticut Gen. Life Ins. Co.*, 743 F.Supp. 1273, 1280 (M.D.Tenn.1990). Employment without such a term is employment at will. *Nelson Trabue, Inc. v. Pro. Mgmt.-Auto., Inc.*, 589 S.W.2d 661, 663 (Tenn. 1979). "Under this 'employment at will' doctrine, both the employer and the employee are generally permitted, with certain exceptions, to terminate the employment relationship at any time for good cause, bad cause, or no cause." *Crews v. Buckman Lab'ys Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002) (citation omitted). Plaintiff alleges that the reference to "approximately 12-18 months" is a definite term of employment [Doc. 1-1 p. 3]. Plaintiff does not cite any authority to establish that the referenced phrase establishes a definite term of employment and only states in the briefing that it is a "reasonably specific time period" [Doc. 13 p. 6]. Defendant states this is an estimated amount which is not sufficiently definite to enforce [Doc. 7 p. 4]. Defendant cites *Rice v. NN, Inc. Ball & Roller Div.*, for the proposition that "[a]n *estimated* amount cannot reasonably be construed as a guaranteed absolute figure." 210 S.W.3d 536, 543 (Tenn. Ct. App. 2006).[2]

---

[2] Plaintiff states that this case was dealing with estimates of damages and that the case was an appeal from a grant of summary judgment not a motion to dismiss. However, it still involves how to approach estimates in contracting terms, and for the reasons discussed further in the opinion, the claim must still be dismissed based on other caselaw.

5

This phrase within the offer letter is not a definite term of employment but is a reference to how long the management development requirements take, assuming plaintiff continued his employment there. As plaintiff stated in the briefing, the "period was Defendant's representation of the training period based presumably on its prior experience with the training program" [Doc. 13 p. 4]. In *Loeffler v. Kjellgren*,[3] the plaintiff received a letter containing a first and second year salary and a provision that stated "[a]fter working for four (4) years, you will be provided a $25,000.00 per year for four (4) years for consulting fees." 884 S.W.2d 463, 466 (Tenn. Ct. App. 1994). The court there held that the letter "simply set forth what plaintiff could expect to earn by way of compensation if he continued to work for [defendant]; there is no guarantee of employment for a definite term. The letter does not constitute a contract of employment for an eight year term as the plaintiff argues." *Id.* at 468. Similarly, in *Thompson v. Telco, Inc.*, the letter stated that plaintiff "will be guaranteed a minimum $1.00 per hour raise per year over the next five (5) years." No. 01A01-9801-CH-00045, 1999 WL 548610, at *7 (Tenn. Ct. App. July 29, 1999). The court there held that "[c]learly the import of this statement is to convey the level at which [plaintiff] would be compensated, not the length of time he would be employed. Under Tennessee caselaw, the reference to five years is not sufficiently specific to create a contract for a definite term of

---

[3] Plaintiff seeks to distinguish this case by stating that the letter therein indicated only an interest in hiring the employee while in this case it was listed as an "offer of employment." Regardless, both cases disputed whether the letter included a definite term of employment. Plaintiff's emphasis on the term "offer of employment" is misplaced, as it does not guarantee a contract for a specified term and can similarly offer employment at will.

employment." *Id.*[4]  Accordingly, the reference in plaintiff's letter to twelve to eighteen months is not a definite term of employment.  Instead, it identifies the length of time it would take to complete the requirements and the approximate time it would take to become eligible for a performance evaluation and increase.  Without such a definite term, plaintiff's employment was at will, and plaintiff could be terminated for any reason.

Additionally, the letter does not guarantee him employment in Tennessee, and since he is at will, inability to relocate may be grounds for termination.  As stated above, the letter references that a bonus-eligible position is dependent on ability to relocate and that inability to relocate could result in movement to a non-management position [Doc. 1-1 p. 6].  Defendant argues that the letter does not guarantee permanent employment, and plaintiff responds he did not allege or dispute that the offer letter does not guarantee permanent employment in Tennessee.  Plaintiff responds stating "[u]nder the contract of employment there is no provision for terminating the plaintiff for inability to relocate" or that "an inability to relocate during the training or post training be grounds for termination," instead stating that it could result in movement to a non-management position. [Doc. 13 p. 2].  However, as defendant argues, there is also not a provision for termination for "insubordination, fighting, tardiness, or any other reason for the simple maxim that, as an employee at will, [defendant] could terminate Plaintiff's employment

---

[4] Plaintiff attempts to distinguish this case stating that the case was decided at trial, not on a motion to dismiss. and that plaintiff had been terminated for unsatisfactory performance [Doc. 13 p. 5].  However, the posture or facts of the case does not change the content of the underlying doctrine.  That plaintiff here is not guilty of misconduct or terminated for unsatisfactory performance is of no consequence.

7

for any lawful reason" [Doc. 16 p. 3]. Plaintiff does not affirmatively identify a provision that guarantees employment in Tennessee, instead relying on what the letter does not contain. The letter need not have such a provision identifying all grounds for termination. Plaintiff was terminable at will, with or without cause. *Crews*, 78 S.W.3d at 857. Accordingly, the breach of contract claim must be **DISMISSED** for failure to state a claim.

Defendant's brief, in the final footnote, addresses the possibility that plaintiff may have attempted to allege a promissory estoppel claim [Doc. 7 p. 6 n.3]. First, the Court notes that plaintiff's complaint fails to put defendants on notice of a promissory estoppel claim. Plaintiff must "give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Plaintiff's first paragraph does just that in stating "COMES the [plaintiff], and sues [defendant] for breach of employment contract and as grounds would show the following" [Doc. 1-1 p. 2]. Accordingly, plaintiff states he is bringing a breach of employment contract claim. In paragraph 17 of the complaint, he states "[t]his wrongful termination is a breach of the contract of employment. Plaintiff relied, to his detriment, upon the promises and covenants contained in the contract and the assurances made by the Defendant's management" [*Id.* p. 4]. Particularly in light of plaintiff's repeated reference to breach of contract, neither the defendant nor the Court should be required to deduce other potential causes of action from the facts alleged and brief refences to the words "relied" and

8

"detriment." The complaint must be more than a "the-defendant-unlawfully-harmed-me accusation" *Iqbal*, 556 U.S. at 678.

Plaintiff's response merely states that the complaint "properly details the allegations to satisfy a claim for promissory estoppel. The underlying promise is enforceable and not vague or ambiguous" and then states that the elements of the claim are fulfilled here [Doc. 13 p. 9]. Plaintiff's focus on the facts and elements speaks to the *second* part of *Twombly*, the "grounds" upon which the claim rests; this assumes a claim has been properly alleged as to defendant and that the inquiry is whether such a claim has been supported. The deficiency at issue is not the supportive facts, but the fair notice of what the claim is. The complaint does not say the words "promissory estoppel" and in fact explicitly states a different cause of action. Therefore, the complaint does not state a claim as to promissory estoppel.

Second, assuming plaintiff had given notice of such a claim, defendant argues that plaintiff has not pled all of the elements, namely that "(1) that a promise was made; (2) that the promise was unambiguous and not unenforceably vague; and (3) that they reasonably relied upon the promise to their detriment." *Chavez v. Broadway Elec. Serv. Corp.*, 245 S.W.3d 398, 404 (Tenn. Ct. App. 2007).

Defendant argues that the mention of the twelve to eighteen months was insufficient to constitute a definite term of employment, as previously stated, and is similarly fatal to the promissory estoppel claim as it is too ambiguous and vague. *Seramur v. Life Care Centers of Am., Inc.*, No. E200801364COAR3CV, 2009 WL

9

890885, at *5 (Tenn. Ct. App. Apr. 2, 2009) (holding a vague and ambiguous promise was insufficient to support a promissory estoppel claim for the same reason that it was insufficient to support a breach of contract claim).[5] Additionally, defendant argues any purported promise about employment in a particular region was ambiguous and vague because it was "inconsistent with and in direct contradiction of the language in Plaintiff's offer letter" [Doc. 7 p. 6 n.3]. This Court agrees.

Plaintiff's compliant states that at the job interview, plaintiff "was informed that the territory he would be located within was from Middle Tennessee to East Tennessee" and that his offer letter was for being a management trainee in the "Tennessee Region" [Doc. 1-1 p. 3]. He states he relied on the offer of employment in moving and having his fiancée's job transferred, but nothing in the allegations of the complaint nor the contract itself indicates that plaintiff would be guaranteed a position in the state for any particular amount of time. The offer letter does state he will be in the Tennessee Region, an undefined term, but it also contemplates relocation and as plaintiff admits, does not guarantee permanent employment in a particular location [Doc. 13 p. 6]. Plaintiff's briefing contains additional allegations that "defendant's representations that plaintiff training [sic] would be limited to Tennessee were false," yet there are no such allegations in the original complaint, and the offer letter mentions development school in Atlanta.

---

[5] Plaintiff argues that *Seramur* does not require an enforceable contract be found before promissory estoppel is invoked and that a claim for promissory estoppel is not dependent upon the existence of a contract between the parties. However, defendant did not attempt to make this point, but instead argued that something so ambiguous as to prevent finding a definite term of employment is also ambiguous in the context of determining whether the promise was justifiably relied upon [Doc. 7 p. 6 n.3].

10

Plaintiff appears to refer to paragraph 30 of the proposed amended complaint [Doc. 11-1]. Plaintiff's briefing states that he has moved to amend his complaint which specifically asserts a promissory estoppel claim and alleges facts supporting such a claim [Doc. 13 p. 7]. The briefing therefore seems to blend his arguments regarding the adequacy of the claim as alleged in the original complaint and the proposed complaint. However, the proposed complaint is the focus of a different motion and will be addressed separately in this opinion. On the basis of what is in the original complaint, plaintiff therefore could not have justifiably relied on representations that he will be in Tennessee.

Since the complaint does not give notice to defendant of the claim and even if it had, the promises are ambiguous and vague, plaintiff fails to state a claim. Accordingly, to the extent it was alleged, the promissory estoppel claim must be **DISMISSED**.

### III.  Motion to Amend

#### A.  Standard of Review

A party may amend its pleading once as a matter of course within twenty-one (21) days of serving it or twenty-one (21) days of service of a responsive pleading or service of a Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a). If these deadlines have passed, a party may only amend its pleading with the opposing party's written consent or the court's permission. *Id.* Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." The decision to grant or deny an opportunity to amend is within the discretion of the District Court, but the Court should provide reasons justifying the decision. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. Although Federal Rule of Civil Procedure 15(a) instructs that "leave [to amend pleadings] shall be freely given when justice so requires," a court may deny leave to amend where amendment would be "futile." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005). "A proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). The court incorporates the standard of review for a 12(b)(6) claim as stated previously in this opinion.

### B. Analysis

In support of the motion, plaintiff states that the complaint would conform with the rules governing federal pleadings in this Court [Doc. 11]. Additionally, plaintiff contends there is no prejudice to defendant, as defendant had not yet answered the original complaint, and the motion was not brought in bad faith or with dilatory purpose or undue delay [*Id*.]. Plaintiff's complaint repeats the breach of contract claim and adds a claim for promissory estoppel [Doc. 11-1].

Defendant responds that the motion should be denied as futile, since the amended complaint does not cure the defects of his breach of contract claim, and the promissory estoppel count fails to state a claim upon which relief may be granted [Doc. 19]. This Court agrees that the amended complaint does not, as it cannot, save plaintiff's breach of

12

contract claim, since the offer letter remains unchanged and does not create a definite term of employment. Accordingly, the amended complaint is futile as to the breach of contract claim.

Defendant notes that the amended complaint alleges that the offer letter he signed constituted an employment contract with defendant. The complaint states "Gary Hubbard offered Plaintiff employment as a Management Trainee in the Tennessee Region" by letter [Doc. 11-1 ¶ 7; Doc. 1-1]. Plaintiff then alleges he "accepted this offer of employment" [Doc. 11-1 ¶ 7] and that "[t]his *contract of employment* was for a definite term of twelve to eighteen months" [*Id*. at ¶10 (emphasis added)].

However, "[p]romissory estoppel is an equitable remedy based on a quasi-contractual theory, only available when there is no valid contract between the parties." *Jim Schumacher, LLC v. Spireon, Inc.*, No. 3:12-CV-00625-TWP, 2014 WL 3508002, at *6 (E.D. Tenn. July 14, 2014) (citing *Holt v. Macy's Retail Holdings, Inc*., 719 F.Supp.2d 903, 913 (W.D.Tenn.2010)). Plaintiff alleges "[t]his wrongful termination is a breach of the contract of employment. Plaintiff relied, to his detriment, upon the promises and covenants contained in the contract and the assurances made by the Defendant's management" [Doc. 11-1 ¶ 21]. Plaintiff states there is a contract and treats it as a valid contract in arguing that defendants breached and that there was a definite term of employment. Defendant cites *Schumacher* which dismissed a claim for promissory estoppel when "plaintiff has alleged a valid contract between the parties." *Id.* (citing *World Healthcare Sys., Inc. v. SSI Surgical Servs., Inc.*, No. 1:10-CV-60, 2011 WL

13

2199979, at *13 (E.D. Tenn. June 7, 2011) (granting summary judgment for defendant on plaintiff's promissory estoppel claim because parties did not dispute whether there was a valid contract)). Since plaintiff has alleged a valid contract, defendant contends the claim must be dismissed.

Even so, if a claim of promissory estoppel were available to plaintiff, defendant argues plaintiff has not alleged each of the elements of the claim. As previously stated, the alleged promise that he would be employed in Tennessee for any length of time is ambiguous and vague since it does not promise any specific amount of time as to how long he may be located in that area and the offer letter discusses relocation. The proposed complaint states that plaintiff was promised in communications with his interviewer "that his management training employment area would be in the State of Tennessee" [Doc. 11-1 ¶ 30]. Even taken as true, based on the relocation provisions in the contract, plaintiff could not reasonably rely upon that promise. The estimation of time for completion of the training program is insufficient to create an expectation that he would not be relocated during that time.[6]

Additionally, defendant argues that as an at-will employee, plaintiff has not alleged exceptional circumstances demonstrating he could reasonably rely on a promise

---

[6] Plaintiff did not reply to defendant's response, but, given the content of his response to the motion to dismiss, plaintiff may have considered this a joint filing with the motion to amend. Plaintiff's response to the motion to dismiss [Doc. 13], however, does not address or provide case law that saves the claim. It primarily focuses on what a plaintiff must prove to establish a promissory estoppel claim and emphasizes that plaintiff relied upon the offer letter and oral promises. It only states that the underlying promise is enforceable and not vague or ambiguous, without providing case law or reasoning why it should be considered more definite.

14

in the offer letter [Doc. 19 p. 7].  "Tennessee courts have recognized that it is very difficult to establish a claim for promissory estoppel in the context of an at-will employment relationship." *Chapman v. S. Nat. Gas Co.*, No. 3:09-CV-224, 2011 WL 883918, at *5 (E.D. Tenn. Mar. 11, 2011), *aff'd,* 477 F. App'x 331 (6th Cir. 2012) (citing *Shedd v. Gaylord Entm't Co.,* 118 S.W.3d 695, 700 (Tenn.Ct.App.2003)).  A plaintiff may file a claim for promissory estoppel based on an at will employment relationship, but "the plaintiff will only prevail under exceptional circumstances. In particular, the nature of the employment relationship makes it very difficult to establish reasonable reliance in this context" since it permits termination at any time. *Id.* at *6.  As defendant argues, plaintiff has not presented any exceptional circumstances here that would establish reasonable reliance, particularly given the vagueness and ambiguity of the contract terms.  Accordingly, "nothing in the facts and equities presented by this case justifies applying the promissory estoppel doctrine in derogation of . . . Tennessee's at-will employment doctrine. *Chavez v. Broadway Elec. Serv. Corp.*, 245 S.W.3d 398, 408 (Tenn. Ct. App. 2007).

Since plaintiff fails to state a claim for promissory estoppel, and the breach of contract claim must be dismissed and is not saved by the proposed complaint, amendment would be futile.  Accordingly, plaintiff's motion for leave to amend [Doc. 11] is **DENIED**.

15

## IV. Conclusion

For the reasons discussed above, Plaintiff's Motion for Leave to File First Amended Complaint [Doc. 11] will be **DENIED**. Defendant's Motion to Dismiss [Doc. 6] will be **GRANTED**. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

An appropriate order will enter.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
